Parker, J.
This is an action of ejectment against one tenant in common, by several others. The defendant appeared and entered into the common rule, ac *464 cording to the form in Robinson’s Forms, p. 12.* A special verdict was rendered, which omits to find the' ouster; and the court gave judgment for the defendant. It is now contended that it was not necessary to prove the ouster, because it was confessed, and that for the same reason it was not necessary for the jury to find the fact. ■
In England, when an ejectment is brought by a joint tenant, parcener or tenant in common against his companion (to support which an actual ouster is necessary) the practice is for the defendant to apply to the court, upon affidavit, for leave to enter into a special rule, requiring him to confess lease and entry at the trial, but not ouster also, unless an actual ouster of the plaintiff’s lessor by him the defendant should be proved. Adams on Ejectm. 236. But I regard this as a mere point of practice, conformable to rules invented from time to time by the courts to advance the remedy by ejectment, and to force the parties to go to trial on the merits, without being entangled by formal objections to fictitious averments in the declaration. There are, however, essential differences between the rules of the several english courts themselves, and between those courts and our own. I do not believe we have ever adopted the special rule, the form of which is given in the appendix to Adams on Ejectm. No. 25. but in all cases our clerks make the entry of the consent rule in the form given by Robinson. Under it, I see no reason why the defendant should be bound by his confession of the fictitious ouster laid in the declaration, unless an actual ouster of the plaintiff’s lessor be proved, in which event the plaintiff ought not to be called upon to prove the ouster of the fictitious lessee. Otherwise the defendant cannot avail himself of the real merits, of his defence, and must have the costs of the suit thrown upon him, although there has been no *465 actual ouster of his cotenaut. The court will always - so mould the proceedings as that the real merits of the controversy shall be tried, without entrapping either party by the rules it has itself prescribed; and if it has admitted a tenant in common to defend the action, only on his confession of lease, entry and ouster, it will give such effect to that confession as is consistent with a trial of the merits. Such was the decision of the supreme court of the United States in the case of Barnitz’s lessee v. Casey, 7 Cranch 456. where the defendants, tenants in common, having confessed lease, entry and ouster, it was insisted that an actual ouster need not be proved. But the court.decided that as a tenant in common could not in general maintain an action of ejectment against his cotenant, and there were no facts found in the case to prove an actual ouster and take it out of the general rule, the judgment in favour of the tenant should be affirmed. There, as here, I infer that a special verdict had been found.
But if the confession so far dispensed with the proof of actual ouster as to authorize the jury to find it as a fact in the cause, yet as they have not found it, I am of opinion that we, in deciding on the special verdict, cannot infer it. Facts admitted by the pleadings of the parties need not perhaps be found; but I do not think that this rule extends to the pro forma confessions of facts not actually existing, required under a rule of court to bring the merits of a controversy under judicial decision. We ought not to hold that a confession that Richard Roe ejected John Doe, not only precludes the necessity of proving that the real defendant ousted the real plaintiff, but also the necessity of the jury’s finding that fact, without the existence of which the plaintiff ought not to succeed. It is clear that if, in a special verdict not uncertain in itself, the case made *466 by the plaintiff is a defective case or a defective title, the judgment should be for the defendant, and a venire de novo should not be granted. Brown & Sons v. Ferguson, 4 Leigh 51. 56. Therefore I am for affirming the judgment, and especially as the plaintiff may bring his new ejectment, and prove, if he can, the actual ouster.

In the new edition, vol. 1. p. 175. No. 10.